(28 Misc. Rep. 93.)

### PEOPLE v. HAYES.

(Supreme Court, Special Term, Onondaga County. June, 1899.)

INDICTMENT—EVIDENCE—WITNESS INCRIMINATING HIMSELF.

    A witness at whose hotel a man had been killed, in testifying before the grand jury, gave evidence tending to show that on a certain day he had violated the liquor law, and was keeping a disorderly house. The same grand jury subsequently indicted him for illegal sales other than those mentioned by him, and for keeping a disorderly house on a date several weeks prior to the one involved in his testimony. The district attorney made affidavit that the grand jury had evidence other than admissions of accused on which the indictments were found, and that his admissions were not presented to it in finding the indictments. *Held*, that they would not be dismissed.

Motion by James Hayes to dismiss seven indictments for illegal sales of liquor and one for keeping a disorderly house.   Denied.

Nash & Lapham, for the motion.
George W. Standen, opposed.

HISCOCK, J.   Prior to May 16, 1899, the defendant kept a hotel in Syracuse.   On May 15th he was duly subpœnaed to appear before the grand jury as a witness against one Oliver Howard, who was charged with manslaughter in causing the death of a man staying at his place.   While being examined he gave evidence pertinent enough to the charge then being investigated, but tending, in addition, to establish that upon May 10th he had violated the liquor tax law, and also that upon that day he was maintaining a disorderly house.   The investigation of the charge upon which he was called as a witness was concluded, and after it was so concluded, and a decision reached by the grand jury thereon, and upon another and subsequent day, charges were presented to the same jury against defendant upon which the indictments in question were found.

The illegal sales of liquor therein charged are not at all the same ones testified to by defendant, and the indictment for keeping a disorderly house related to a date several weeks prior to the one involved in his testimony.   It affirmatively appears that the evidence given by defendant was in no manner presented to or used by the grand jury in finding the indictments.   So far as appears, it would have been entirely incompetent and insufficient to sustain them. There is nothing to indicate that the grand jury did not have ample evidence, outside of the testimony of defendant, upon which to act. Upon the other hand, there is the affidavit of the district attorney that it did have such evidence.   While this affidavit is not accompanied by the testimony itself, and, therefore, is somewhat in the nature of an opinion, still it is upon a subject upon which his opinion is presumed to be valuable; and what is important is that there is nothing upon the part of the defendant tending to establish the contrary.   Under these circumstances, the defendant asks that the indictments against him shall be dismissed.   He claims that his rights have been invaded in procuring these indictments from the same grand jury which had heard him give evidence which might tend to support indictments for other similar, but entirely distinct, offenses; that while such evidence would not be a legal basis for the indictments which have been found, nevertheless the grand jury might thereby be prejudiced against him, and made more ready to decide against him upon other charges.

I do not think the motion should be granted.   Upon the affidavits I must assume that there was ample evidence to support the indictments in question, outside of anything said by defendant, and that his testimony was not, and could not properly be, used by the grand jury in finding them.   To sustain defendant's claim that his admissions have been prejudicially and improperly used against him, I must assume that the grand jury, in disregard of their duty, have allowed themselves to be influenced by matters not properly before them.   This I am not disposed to do.   It is not the duty of the court

to dismiss an indictment upon proof even of the mere fact that improper evidence has been submitted to a grand jury. If the legal evidence before them was such that, disregarding the improper evidence, the indictment would still have been found, and if the jury were not influenced to find the indictment by the improper evidence, but by the legal evidence before them, the indictment should be sustained. People v. Molineux, 27 Misc. Rep. 79, 81, 58 N. Y. Supp. 155. In this case the defendant has failed to establish any one of the necessary propositions,—that there was not sufficient legal evidence, that the jury was influenced by illegal evidence, or even that illegal evidence was submitted.

Ordered accordingly.